UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EE HOLDING GROUP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01895-JPH-TAB |
| | ) | |
| PDGROWTH LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Plaintiff EE Holding Group, LLC seeks leave to file an amended complaint.  [Filing No. 33.]  EE Holding's motion seeks to: (1) add claims of contributory trademark infringement against the current Defendants and a non-party Alison Garton and (2) modify factual allegations against current Defendants.  Defendants Patrick D. Garton and his company PDGROWTH, LLC object, arguing that the amendments are futile.  [Filing No. 35.]  For the reasons set forth below, EE Holding's motion is granted.  [Filing No. 33.]

Rule 15(a) of the Federal Rules of Civil Procedure "reflects a liberal attitude toward amendments[.]" *Fischer v. Beazer Homes, Inc.*, No. 1:10-cv-1186-SEB-TAB, 2011 WL 3812699, at *1 (S.D. Ind. Aug. 26, 2011).  While courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile[,]" Rule 15(a)(2) requires courts to grant leave to amend freely when justice so requires. *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).  An amendment is futile if it includes claims that fail to state a claim for relief under Rule 12(b)(6). *See Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).  However, courts should grant leave to amend "unless it is *certain* from the face of the complaint

1

that any amendment would be futile or otherwise unwarranted[.]" *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519-20 (7th Cir. 2015).  When determining whether an amendment is futile, courts must "accept as true all factual allegations in the complaint." *Id.* at 526.  The claims for relief need only be plausible and include "enough details about the subject-matter of the case to present a story that holds together.  At the pleading stage, [courts] do not ask whether these things actually happened; instead, the proper question to ask is still '*could* these things have happened.'" *Id.* (internal quotations and citations omitted).  A claim is plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

EE Holding has alleged sufficient facts to support plausible claims of contributory trademark infringement.  A defendant is responsible for harm caused by the trademark infringement of another if it "intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement[.]" *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 854 (1983).  EE Holding has alleged sufficient facts to support the new claims against Defendants Patrick and PDGROWTH.  The proposed amended complaint alleges that Defendants sold counterfeit goods to customers and assisted them in reselling those goods.  [Filing No. 33-2, at ECF p. 6.]  It also alleges that Defendants used their website and social media accounts to advertise the profit-making potential of selling counterfeit EE goods and, when selling counterfeit EE goods, they offered a free "how-to" resale guide.  [Filing No. 33-2, at ECF p. 6-7.]  Those allegations are sufficient to draw the reasonable inference that Defendants intentionally induced others to infringe

on EE Holding's trademark and that they supplied counterfeit goods and marketing information to others that they had reason to believe were engaging in trademark infringement.

Defendants argue that EE Holding's contributory infringement claims against them are futile because EE Holding failed to identify a specific customer of Defendants who resold counterfeit EE products. [Filing No. 35, at ECF p. 6.] However, this argument is based on an evidentiary dispute, not the sufficiency of the pleading. Defendants "dispute" that social media communications between Defendants and their customers—which are incorporated into the proposed amended complaint—show that Defendants had knowledge of their customers' infringement. [Filing No. 35, at ECF p. 6 n.1.] However, when assessing the sufficiency of a pleading, the Court must take all allegations as true, and claims may rely on reasonable inferences. The incorporated social media communications involve Defendants responding to one or more customers' questions as to how to resell the counterfeit goods. Thus, the facts alleged are sufficient to reasonably infer that Defendants' actions contributed to trademark infringement by their customers. The identities of those customers may be found through further discovery.

EE Holding has also sufficiently pleaded its contributory infringement claim against the mother of Patrick Garton, Alison Garton. A property owner may be held liable for the trademark infringement of another on its property if the property owner knew or had reason to know of the infringement. *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1149 (7th Cir. 1992) (holding that a flea market may be liable for a tenant's trademark infringement if the flea market knew or had reason to know of the infringement); *see also* Restatement (Second) of Torts § 877(c) (Am. Law Inst. 1979) ("For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he . . . permits the other to act upon his premises or with his instrumentalities, knowing or having reason to know that the other is acting or will act

tortiously[.]").   This includes a property owner who is "willfully blind"—or "suspect[s] wrongdoing and deliberately fail[s] to investigate." *Id.*  EE Holding has alleged that Defendants conducted significant business activities from Alison's home—storing a large inventory of branded items in a guest bedroom and shipping said items in and out of her residence—and that Alison found $20,000 in cash under her 19-year-old son's bed.  [Filing No. 33-2, at ECF p. 8-10.]  It also alleged that Alison saw counterfeit items among Defendants' inventory.  [Filing No. 33-2, at ECF p. 9.]  EE Holding has pleaded sufficient facts to lead a reasonable person to infer that Alison suspected that the products being sold from her property were counterfeit, but she chose not to investigate.  Thus, EE Holding has sufficiently pleaded its contributory infringement claim against all current and proposed Defendants.

Contrary to Defendants' argument, *Annie Oakley Enterprises v. Amazon.com, Inc.*, 559 F. Supp. 3d 780 (S.D. Ind. Sept. 13, 2021) does not mandate a different outcome.  [Filing No. 35, at ECF p. 4-5].  *Annie Oakley* involved cross motions for summary judgment, not a motion to amend. It applied *Hard Rock Café's* contributory infringement standard to assess whether the undisputed evidence supported summary judgment in favor of either party.  *Id.* at 807-09.  *Annie Oakley* does not pertain to the pleading standard for contributory infringement, and its discussion of contributory infringement at summary judgment does not support the futility of any claim asserted in EE Holding's amended complaint.  Defendants' arguments regarding *Annie Oakley* pertain to the sufficiency of evidence and are more appropriate for summary judgment.  Under the Case Management Plan, the parties have until November 21, 2025, to investigate the merits of all claims and defenses and until December 19, 2025, to file motions for summary judgment—at which time, depending on the evidence, it may be proper to argue the sufficiency of evidence supporting the contributory infringement claims.

As to EE Holding's modifications of other factual allegations, the Court finds no impropriety. EE Holding argues that it revised certain allegations due to ambiguities in the original complaint that led Defendants to deny allegations based on technicalities. [Filing No. 36, at ECF p. 7-9.] Thus, the modifications are designed to resolve key factual disputes and streamline the litigation. There is no valid basis for prohibiting such amendments.

For these reasons, EE Holding's motion for leave to file an amended complaint [Filing No. 33] is granted. EE Holding shall have seven days from the date of this order to file its amended complaint, with the proposed summons on Alison attached for issuance. EE Holding is responsible for serving the summons after issuance. Once EE Holding files the amended complaint, Defendants will have 14 days to answer or otherwise respond to the amended complaint.

Date:  6/24/2025

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

5